UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD KIMMIE, | ) | CASE NO. 1:09 CV 628 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GARY CROFT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Edward Kimmie filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Chief Inspector Gary Croft, ODRC Chief of the Bureau of Medical Services Annette Chambers, Trumbull Correctional Institution ("TCI") Health Services Administrator Ms. Champney, TCI Physician Dr. Kline, TCI Lieutenant Jamison, Southern Ohio Correctional Facility ("SOCF") Officer J. Moore, and SOCF Institutional Inspector Ms. Mahlam. In the complaint, plaintiff challenges numerous conditions of his confinement. He seeks $ 3,000,000.00. Mr. Kimmie filed a supplemental pleading on April 20, 2009, which he titled an "Amended Complaint." The Amended Complaint merely seeks to update the court on events which have allegedly occurred since this action was initiated. He adds SOCF physicians, Dr. Mendel and Dr. C. Bautista to the list of defendants.

**Background**

Mr. Kimmie asserts he was involved in an altercation with a corrections officer at TCI. He injured his shoulder in 2000, and has been treated with several medications since that time. One of those medications was Ultram. He contends that on September 30, 2008, he was denied his regular dosage of Ultram by the medical department at TCI. Also on that day, he engaged in an altercation with Lieutenant Jamison. He does not indicate if the altercation was in any way connected to the denial of a prescription for Ultram. He contends he was handcuffed, hit and thrown to the floor. Thereafter he was placed in the mental health unit of the prison where he was given "mental health medication." (Compl. at 4.)

Mr. Kimmie had an appointment with TCI physician, Dr. Kline on October 2, 2008. He indicates he complained of chest, neck, and shoulder pain at this appointment. He does not provide further information about this meeting. He further contends Dr. Kline failed to cure a "problem I'm having with my left big toe." (Compl. at 7.) He claims "it bleeds and hurts really bad." (Compl. at 7.) He states, "the treatment I've received thus far has not gotten the toe well." (Compl. at 7.)

On January 20, 2009, Mr. Kimmie was transferred to SOCF. He contends that one month later, he was involved in an altercation with Corrections Officer Moore. He claims he was being escorted by Officer Moore when he began to question the officer about his identity. He alleges Officer Moore waited until they were in a part of the building without security cameras and then pushed Mr. Kimmie's head into the bars of a window. He states he incurred three gashes which were bandaged by a nurse. He claims Ms. Mahlman refused to give him grievance forms.

Mr. Kimmie claims his medical records from TCI were not complete when he

arrived at SOCF. His tuberculosis vaccination was not noted in his records and he was required to receive a second shot.

Mr. Kimmie was seen at sick call on February 5, 2009, February 20, 2009, February 23, 2009 and on February 24, 2009. He reported that he was experiencing headaches, pain in his neck and shoulder, and watery eyes. He states Dr. Mendel lowered his dosage of Ultram from 100 mg to 50 mg on February 24, 2009. In apparent contradiction to this statement, Mr. Kimmie then claims he was taken off Ultrim from February 19, 2009 to February 27, 2009.

In the supplemental pleading, Mr. Kimmie states the physicians at SOCF have not adequately attended to his medical care. He indicates he complained to an unknown source of chest pain, severe headaches, shoulder pain, and neck pain on March 12, 2009. He indicates he was seen at sick call on March 21, 2009. He was examined by Dr. Bautista on March 23, 2009. At that time, Dr. Bautista noted his blood pressure was elevated. Mr. Kimmie reported the chest pain, headaches, should pain and neck pain. He does not provide the physician's response to this information. He does indicate that his dosage of Ultram was not increased back to 100 mg from his current dose of 50 mg. He was seen at sick call again on March 26, 2009. He states he was charged a medical co-pay fee for each sick call visit when the problems were not resolved.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, plaintiff's claims against ODRC Chief Inspector Gary Croft, ODRC Chief of the Bureau of Medical Services Annette Chambers, TCI Health Services Administrator Ms. Champney, TCI Physician Dr. Kline, SOCF Officer J. Moore, SOCF physicians, Dr. Mendel and Dr. C. Bautista and SOCF Institutional Inspector Ms. Mahlam are dismissed pursuant to §1915(e).

As an initial matter, Mr. Kimmie does not set forth any allegations against Gary Croft, Annette Chambers, Ms. Champney, or Ms. Mahlam.  A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by plaintiff.  Mr. Kimmie wrote letters to or filed grievances with some of these individuals and did not receive favorable responses from them.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. Kimmie also includes claims against Dr. Kline, Dr. Mendel and Dr. Bautista for providing inadequate medical care. In order to establish a claim for inadequate medical care under the Eighth Amendment, the plaintiff must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 835 (1994). An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).

Mr. Kimmie's claims against these physicians fail to rise to the level of deliberate indifference to serious medical needs. He claims that he reported chronic pain symptoms to Dr. Kline but does not provide Dr. Kline's response. He also states that Dr. Kline failed to cure a problem he is having with one of his toes. Neither of these allegations suggests that Dr. Kline has been deliberately indifferent to Mr. Kimmie's serious medical needs. Similarly, he states that Dr. Mendel lowered his dosage of Ultram after he complained he was experiencing severe headaches. Although Mr. Kimmie clearly disagrees with Dr. Mendel's professional judgment on the proper dose of this medication, this allegation also fails to state a claim under the Eighth Amendment. Finally, he claims he was examined by Dr. Bautista on March 23, 2009. He claims his blood pressure was elevated, and that he continued to report symptoms of chronic pain. Mr. Kimmie does

-5-

not provide the physician's response to this information, but does allege that his dosage of Ultram was continued at 50 mg. Again, these allegations do not suggest that Dr. Bautista was acting with criminal recklessness toward a serious medical need of Mr. Kimmie.

## Conclusion

Accordingly, Mr. Kimmie's claims against ODRC Chief Inspector Gary Croft, ODRC Chief of the Bureau of Medical Services Annette Chambers, TCI Health Services Administrator Ms. Champney, TCI Physician Dr. Kline, SOCF Officer J. Moore, SOCF physicians, Dr. Mendel and Dr. C. Bautista and SOCF Institutional Inspector Ms. Mahlam are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely on Mr. Kimmie's claims of use of excessive force against Officer Moore and Lieutenant Jamison. Because Mr. Kimmie has not provided U.S. Marshal forms or summonses with adequate addresses to serve these two defendants, the Clerk's Office cannot forward this matter to the U.S. Marshal for service. Accordingly, Mr. Kimmie is ordered to provide completed U.S. Marshal forms and summonses with proper addresses for these two defendants and any other party requiring service of process of the complaint pursuant to FED. R. CIV P. 4(i) within thirty (30) days of this order. Mr. Kimmie is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient marshal forms and summonses to Mr. Kimmie with a copy of this order.

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

July 28, 2009